UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY O'NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 6:19-CV-03441 BP |
| vs. | ) |
| | ) |
| WARDEN L. MICHELE BUCKNER, | ) |
| DEP. WARDEN CONRAD SUTTON, | ) |
| SGT. BROSHEARS, | ) |
| SGT. CONLEY, | ) |
| SGT. ROSENBAUM, | ) |
| C.O. BABBACO, | ) PLAINTIFF DEMANDS |
| C.O. COOK, | ) TRIAL BY JURY |
| C.O. COPE, | ) |
| C.O. MEYERS, | ) |
| C.O. NORRIS, | ) |
| C.O. TOWNSEND, | ) |
| C.O. WILLIAMS, | ) |
| CASE WORKER COHEN, | ) |
| CASE WORKER HEWITT, | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT WITH JURY DEMAND

COMES NOW Plaintiff Anthony O'Neal, by and through his undersigned counsel, and for his Second Amended Complaint, states as follows:

*Introduction*

1. This civil rights case is brought by Anthony O'Neal, an inmate at the South-Central Correctional Center ("SCCC"), against Defendants for damages under 42 U.S.C. § 1983 and for violation of Plaintiff's Eighth and Fourteenth Amendment rights under the Constitution of the United States of America. In addition, Plaintiff asserts that Defendants, acting under color of law, had a policy, engaged in a pattern, practice, and custom of failing to monitor, train, discipline, and supervise its employees, including a conspiracy, of confining Plaintiff to solitary

administrative segregation- along with attendant restrictions to his liberty that constitute an atypical and significant hardship even in relation to ordinary incidents of prison life- without affording him required Due Process. Defendants have exhibited deliberate indifference to Plaintiff's serious medical needs and conspired to cruelly and unusually punish Plaintiff. Defendants working under the color of law, are being sued in their individual and official capacities for $2,000,000 in compensatory and an equal amount for punitive damages.

*Jurisdiction and Venue*

2. Federal subject matter jurisdiction over the claims asserted against Defendants is conferred by 28 U.S.C. §1343, which provides for original jurisdiction of this Court in suits authorized by 42 U.S.C. §1983, to redress the deprivation under color of state law, statute, ordinance, regulation, custom or usage of any right, privilege, or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States and by 28 U.S.C. §1331.

3. Plaintiff's actions for damages against the Defendants are authorized by:

(a) 42 U.S.C. §1983, which provides redress for the deprivation under color of state law by any statute, ordinance, regulation, custom or usage of any state or territory of any rights, privileges or immunities secured to all the citizens or persons within the jurisdiction of the United States;

(b) The Eighth and Fourteenth Amendments of the United States Constitution and similar provisions of the Missouri Constitution; and

(c) 42 U.S.C. §1988, which authorizes Plaintiff's application for attorneys' fees and provides that a court may award a reasonable attorneys' fee and

expert fees as part of costs in any action or proceeding to enforce a provision of 42 U.S.C. §1983.

4. Venue is proper in the United States District Court for the Western District of Missouri under 28 U.S.C. §1391 (b)(2), since the events or omissions giving rise to Plaintiff's claims occurred in Texas County, Missouri, which is within the Southern Division of the Western District of Missouri.

*Parties*

1. Plaintiff Anthony O'Neal is a resident of the State of Missouri.

2. On information and belief, Defendant L. Michele Buckner is a resident of the State of Missouri. At all times relevant herein, Defendant L. Michele Buckner is/was the Warden of the SCCC and is/was responsible for its day to day operation.

3. On information and belief, Defendant Conrad Sutton is a resident of the State of Missouri. At all times relevant herein, Defendant Conrad Sutton is/was the Deputy Warden of the SCCC. For a duration of relevant time herein, Defendant Sutton was the Acting Warden of SCCC and was responsible for its day to day operation.

4. On information and belief, Defendant Sgt. Broshears is a resident of the State of Missouri and is/was a Correctional Officer working in the SCCC located in Licking, Missouri during the relevant time period.

5. On information and belief, Defendant Sgt. Conley is a resident of the State of Missouri and is/was a Correctional Officer working in the SCCC located in Licking, Missouri during the relevant time period.

6. On information and belief, Defendant Sgt. Rosenbaum is a resident of the State of Missouri and is/was a Correctional Officer working in the SCCC located in Licking, Missouri during the relevant time period.

7. On information and belief, Defendant Correctional Officer Babbaco is a resident of the State of Missouri and is/was a Correctional Officer working in the SCCC located in Licking, Missouri during the relevant time period.

8. On information and belief, Defendant Correctional Officer Cook is a resident of the State of Missouri and is/was a Correctional Officer working in the SCCC located in Licking, Missouri during the relevant time period.

9. On information and belief, Defendant Correctional Officer Cope is a resident of the State of Missouri and is/was a Correctional Officer working in the SCCC located in Licking, Missouri during the relevant time period.

10. On information and belief, Defendant Correctional Officer Meyers is a resident of the State of Missouri and is/was a Correctional Officer working in the SCCC located in Licking, Missouri during the relevant time period.

11. On information and belief, Defendant Correctional Officer Norris is a resident of the State of Missouri and is/was a Correctional Officer working in the SCCC located in Licking, Missouri during the relevant time period.

12. On information and belief, Defendant Correctional Officer Townsend is a resident of the State of Missouri and is/was a Correctional Officer working in the SCCC located in Licking, Missouri during the relevant time period.

13. On information and belief, Defendant Correctional Officer Williams is a resident of the State of Missouri and is/was a Correctional Officer working in the SCCC located in Licking, Missouri during the relevant time period.

14. On information and belief, Defendant Case Worker Cohen is a resident of the State of Missouri and is/was a Correctional Case Worker working in the SCCC located in Licking, Missouri during the relevant time period.

15. On information and belief, Defendant Case Worker Hewitt a resident of the State of Missouri and is/was a Correctional Case Worker working in the SCCC located in Licking, Missouri during the relevant time period.

16. Each of the defendants identified above are named in their individual and official capacities for purposes of Plaintiff's claims for damages.

*General Allegations*

17. From April 14, 2019 through on or about August 31, 2019, and at all times relevant herein, Plaintiff Anthony O'Neal was an inmate housed in an administrative segregation unit at the SCCC.

18. On or about April 14, 2019, Plaintiff was placed in a "dry cell" due to allegations of having an open mouth kiss with his wife during a contact visit at the SCCC.

19. A dry cell is a cell without running water. It's principally used for prisoners who are suspected of having ingested illegal items, contraband, which would come out of the body in a bowel movement.

20. Plaintiff was placed in full leg and arm restraints for seventeen (17) days straight with no break for meals, sleep and/or restroom usage.

21. Plaintiff informed Defendants on numerous occasions that he was in extreme pain and discomfort due to the prolonged use of these restraints, but any and all requests to have the restraints removed went deliberately unanswered.

22. Plaintiff was not able to bathe or perform oral hygiene for seventeen (17) days straight.

23. During this seventeen-day period in the dry cell and while in restraints, Plaintiff was forced to lay in his own feces and rotten food that was on the floor as there was no other place to sleep or sit.

24. During this seventeen-day time period the Defendants did not clean Plaintiff's dry cell or attempt to sanitize it in any way and were further aware of the fact that Plaintiff was living in his own feces and rotten food.

25. During this seventeen-day time period, Plaintiff consumed all foods that were provided to him by Defendants.

26. During this seventeen-day time period, Plaintiff had at least ten (10) bowel movements and after examination of said material- no contraband was ever found in Plaintiff's possession or in his bodily excrements by Defendants.

27. At various times throughout this seventeen-day time period, Defendants had Plaintiff submit to four (4) x-rays against his will and every x-ray consistently revealed that Plaintiff was not secreting any contraband inside of his body.

28. At various times during these seventeen-days, Defendant Deputy Warden Conrad Sutton came inside of Plaintiff's assigned dry cell and told him that he was not going to let him out of that dry cell until and unless he gave Defendants the contraband. Plaintiff repeatedly told Defendant Deputy Warden Conrad Sutton that he could not give him something that he never

had.  This response only incited anger with Defendant Sutton who would then instruct other co-defendants that Plaintiff was to remain in the dry cell for a longer period of time.

29. After seventeen-days of being placed in a dry cell, Defendants never found any contraband on/in Plaintiff.  Plaintiff had informed the Defendants on every possible occasion he could that he never had any contraband in his possession.

30. As a result of living in this condition, Plaintiff suffered permanent damage to his hands and feet that requires him to take medication for damaged nerves to his appendages.

31. During this seventeen-day period, Defendants without medical attention and denied Plaintiff his previously prescribed medication for depression.

32. The normal duration for an inmate to remain in a dry cell is 72 hours; however, Plaintiff was placed in a dry cell and forced to live in these cruel and inhumane conditions for over 400 hours.

33. After being subjecting Plaintiff to seventeen days in a dry cell, Defendants came together through a meeting of the minds and conspired to find Plaintiff responsible for being in possession of an unknown and unrecovered item of contraband.  However, Plaintiff was never charged by the Texas County Prosecuting Attorneys Office with a criminal offense for possession of contraband within a correctional institution.

34. As further retaliatory punishment, Defendant placed Plaintiff in the administrative segregation unit in SCCC from approximately May 1, 2019 to August 31, 2019.

35. Plaintiff filed grievances against Defendants for violating his Due Process rights and retaliating against him without defendants having some evidence to prove Plaintiff guilty of anything but kissing his wife, which would not have merited this excessive cruel and unusual punishment.

36. At the relevant time periods stated herein, Plaintiff was forced to live in a substantial risk of serious harm, with serious physical injuries caused by the inhumane conditions he was subjected to and forced to live in, as well as being denied medical treatment.

37. As a direct and proximate cause of the actions of Defendants described herein, Plaintiff suffered damages, including:

    A. Violation of his constitutional rights,

    B. Pain,

    C. Suffering,

    D. Humiliation,

    E. Indignity,

    F. Disgrace,

    G. Stress,

    H. Fear,

    I. Severe Mental and Emotional Distress.

38. Plaintiff continues to suffer as a direct and proximate cause of the harm inflicted upon him by Defendants in the relevant time periods stated herein.

39. The conduct and actions of Defendants, including the official practices and customs and policies of Defendants Buckner and/or Sutton, caused the damages Plaintiff suffered.

40. Defendants Buckner and/or Sutton failed to train, supervise, and discipline Defendants; specifically:

    A. Defendants failed to have in effect and/or failed to enforce effective policies, procedures, and training prohibiting inhumane treatment of inmates by its staff;

B. Defendants failed to have in effect and/or failed to enforce effective policies, procedures, and training instructing its staff on the signs of inhumane treatment of an inmate by an employee;

C. Defendants failed to have in effect and/or failed to enforce effective policies, procedures, and training instructing its staff about the steps to be followed if its staff suspects that an employee is subjecting an inmate to excessive cruel and inhumane punishment;

D. Defendants failed to have in effect and/or failed to enforce effective policies, procedures, and training instructing patients about the steps to be followed when an inmate has a complaint about being treated inhumanely by a staff member;

E. Defendants Buckner and/or Sutton failed to properly supervise Defendants, thereby enabling them to treat Plaintiff cruelly and in an inhumane manner;

F. Defendants failed to provide proper security and monitoring to protect inmates; and

G. Defendants Buckner and/or Sutton failed to use reasonable care in hiring Defendants, and failed to properly supervise Defendants, thus permitting them to excessively and inhumanely punish Plaintiff.

*COUNT I*
*42 U.S.C. § 1983- Fourteenth Amendment*
*Administrative Detention Without Due Process*
*Against All Defendants*

41. Plaintiff hereby restates and incorporated by reference Paragraphs 1 through 40 above as if fully restated herein.

42. Plaintiff is entitled under the Fourteenth Amendment to the Constitution of the United States to due process before he may deprived of life, liberty or property by government action.

43. The administrative segregation, including but not limited to the dry cell placement and the administrative segregation designation, Plaintiff was subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life. Hence, Plaintiff's liberty interests were curtailed by Defendants' actions.

44. Plaintiff was not afforded meaningful due process in the decisions to place him- and continue him- in administrative segregation, in that there were not valid reasons for the segregation. Plaintiff was never found in possession of any contraband, yet was found "guilty" of violating Prison Policy of possessing said material.

45. Defendants' acts and omissions, while acting under color of state law, directly and proximately caused the deprivation of Plaintiff's protected Constitutional rights and caused him injuries that entitle him to damages.

*COUNT II*
*42 U.S.C. § 1983- Eighth Amendment*
*Cruel and Unusual Punishment / Excessive Force*
*Against Defendants Buckner, Sutton, Broshears, Conley, Rosenbaum, Babbaco, Cook, Cope, Meyers, Norris, Townsend, and Williams*

46. Plaintiff hereby restates and incorporated by reference Paragraphs 1 through 45 above as if fully restated herein.

47. Plaintiff is entitled under the Eighth Amendment to the Constitution of the United States to be free from cruel and unusual punishment. This means that prison officials must protect prisoners from excessive risks of serious harm.

48. The conditions in which Plaintiff was confined subjected Plaintiff to were objectively and subjectively serious harm.

49. The conditions described above otherwise consistently and continually for an extended duration of time exposed Plaintiff to the smell of feces and rotten food for approximately seventeen days; all while Plaintiff was bound in full shackles in a dry cell.

50. The consistent exposure to the smell of feces and rotten food while being bound in shackles otherwise substantially impacted the conditions of Plaintiff's incarceration.

51. These excessive force conditions violated Plaintiff's constitutional right to be free from cruel and unusual punishment including but not limited to Plaintiff's right to shelter, sanitation, and basic human dignity.

52. Defendants exhibited deliberate indifference to Plaintiff's constitutional rights in that Defendants knew of the conditions in Plaintiff's cell, the condition of Plaintiff being bound in shackles for the duration, knew of the risks these conditions posed, yet failed to take any corrective action to remedy the conditions.

53. The acts and omissions of these Defendants, while acting under color of state law, with respect to Plaintiff, constitute excessive cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States.

54. Plaintiff suffered damages, including physical and emotional injury, as a result of Defendants' acts and omissions.

*COUNT III*
*42 U.S.C. § 1983- Eighth Amendment*
*Cruel and Unusual Punishment / Deliberate Indifference to Serious Medical Needs*
*Against All Defendants*

55. Plaintiff hereby restates and incorporated by reference Paragraphs 1 through 54 above as if fully restated herein.

56. Plaintiff is entitled under the Eighth Amendment to the Constitution of the United States to be free from cruel and unusual punishment. This means that prison officials must protect prisoners from excessive risks of serious harm.

57. Plaintiff has suffered and continues to suffer serious medical ailments while in the custody of the State.

58. While being held in the dry cell and then during his extended term of administrative segregation, Defendants were aware of Plaintiff's serious medical conditions and were deliberately indifferent to his needs, resulting in Plaintiff being subjected to a substantial risk of harm and needless pain and suffering, including but not limited to his mental health well-being, yet failed to take any corrective action to remedy the conditions.

59. The acts and omissions of these Defendants, while acting under color of state law, with respect to Plaintiff, constitute excessive cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States.

60. Plaintiff suffered damages, including physical and emotional injury, as a result of Defendants' acts and omissions.

*COUNT IV*
*42 U.S.C. § 1983*
*Failure to Train, Supervise and/or Discipline Prison Personnel to Ensure Competent and Adequate Treatment in Violation of the Eighth and Fourteenth Amendments to the U.S. Constitution*
*Against Defendants Buckner and Sutton*

61. Plaintiff hereby restates and incorporated by reference Paragraphs 1 through 60 above as if fully restated herein.

62. As the Warden (Buckner) and the Deputy/Acting Warden (Sutton) of SCCC they are the persons responsible for the training, supervising and disciplining the personnel working in the prison.

63. Defendants Buckner and Sutton failed to properly train, supervise and/or discipline personnel within the SCCC to ensure that Plaintiff had access to prescribed medications, free of harm and was being treated by the prison personnel in a humane manner.

64. The acts and omissions of these Defendants, while acting under color of state law, were the direct and proximate cause of Plaintiff's damages, including physical and emotional injury.

*COUNT V*
*42 U.S.C. § 1983*
*Civil Conspiracy*
*Against All Defendants*

65. Plaintiff hereby restates and incorporated by reference Paragraphs 1 through 64 above as if fully restated herein.

66. As described above in paragraphs 17 through 35, the Defendants in a combination of two or more acted in concert to commit an unlawful act or commit a lawful act by unlawful means.

67. The principal element was an agreement between the Defendants to inflict wrong against, or injury upon, Plaintiff through an overt act that resulted in damage to Plaintiff.

68. Plaintiff was subjected to being imprisoned in a prison cell without water, bound in shackles by his hands and feet, forced to lay in his own feces with rotten food all over, and was not provided with his properly prescribed mental health medication. This resulted in Plaintiff suffering serious physical and emotional trauma and injury.

69. Defendants, acting under the color of state law, arrived at a conspiratorial agreement through a meeting of the minds to deny Plaintiff his Eighth and Fourteenth Amendment rights.

WHEREFORE Plaintiff requests this Court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The Defendants have violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution;

2. The practices and customs of Defendants described herein violated Plaintiff's constitutional rights;

3. The policies of Defendants Buckner and Sutton described herein violated Plaintiff's constitutional rights;

4. The failure of Defendants Buckner and Sutton to adequately train, supervise, and discipline its prison personnel violated Plaintiff's constitutional rights;

B. Award compensatory damages jointly and severally against all Defendants in the amount of $2,000,000;

C. Award punitive damages in a like amount to the compensatory damage amount;

D. Award Plaintiff's attorneys' fees and expenses as well as the costs of this action; and

E. Grant such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

FRANK, JUENGEL & RADEFELD
ATTORNEYS AT LAW, P.C.

By: */s/ Matthew A. Radefeld*
MATTHEW A. RADEFELD (#52288)
*Attorney for Plaintiff O'Neal*
7710 Carondelet Ave., Suite 350
Clayton, Missouri 63105
(314) 725-7777
*mradefeld@fjrdefense.com*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on ***May 19, 2020*** the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Counsel for Defendant:

By: */s/ Matthew A. Radefeld*
MATTHEW A. RADEFELD